HARRISON IMPROVEMENT COMPANY v. JOHN G. SCOTT, BUILDING INSPECTOR, AND THE CITY OF EAST ORANGE.

Decided February 24, 1926.

**Zoning—Stores in Residence Section—Case Follows Ignaciunas v. Risley—Appeal to Board of Adjustment Not Necessary.**

On demurrer to a return to an alternative writ of *mandamus.*

Before GUMMERE, CHIEF JUSTICE, and Justices KALISCH and CAMPBELL.

For the relator, *Aaron Marder.*

For the respondents, *Walter C. Ellis.*

PER CURIAM.

The relator at the time of the institution of this suit was the owner in fee of certain land in the city of East Orange, located at the corner of Park avenue and North Munn avenue. It applied to the building inspector of that municipality for a permit to erect upon the lot four one-story brick structures, each structure to contain three stores and two apartments in the rear of said stores. The application was refused by Scott, the building inspector, upon the sole ground that the zoning ordinance of the municipality prohibited the erection of buildings of the character described in the zoning district in which the relator's plot was located.

The first contention of counsel for the respondents made on the hearing before us is that the building inspector was justified in his refusal to issue a permit which would allow the relator to violate the zoning ordinance of the city. This contention is in the face of the decision of the Court of Errors and Appeals in the case of *Ignaciunus* v. *Risley* 2 *N.*

*J. Adv. R.* 852, and subsequent decisions of that court involving the validity of zoning ordinances.

It is further contended on the part of the respondents that the present proceeding is premature, the proper remedy of the relator being first to appeal to the board of adjustment to review the action of the building inspector; and then, in case it was dissatisfied with the adjudication of the board, to review that adjudication by *certiorari*. Since the argument of the present case this question was twice considered by the Court of Errors and Appeals (*Krumgold & Sons v. Jersey City*, 3 *N. J. Adv. R.* 1546, and *Losick v. Binda, Id.* 1691), and decided adversely to the contention of the present respondents.

A peremptory writ of *mandamus* will be allowed directing Scott, the building inspector of the municipality, to issue a permit to the application of the relator.